**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMIE SHAWN McCALL,                                                     PETITIONER
ADC # 610019

v.                                    5:14CV00043-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

Petitioner, Jamie Shawn McCall, is an inmate at the Arkansas Department of Correction (ADC) Delta Regional Unit. (Doc. No. 2.) On April 12, 2007, Mr. McCall pleaded guilty to commercial burglary and theft of property and was sentenced to six years in the ADC with three years suspended. (Doc. No. 14.) On November 5, 2008, Mr. McCall pleaded guilty to criminal attempt to deliver cocaine and was sentenced to ten years in the ADC with four years suspended. (*Id.*) In 2011, Mr. McCall pleaded guilty to forgery and was sentenced to ninety-six months in the ADC. (*Id.*) In 2012, while on parole, Mr. McCall pleaded guilty to delivery of cocaine, commercial burglary, and theft by receiving and was sentenced to six years in the ADC. (*Id.*) Mr. McCall was released on parole from ADC custody in February 2013. On October 10, 2013, he received notice of a parole violation and of his right to appear at a parole revocation hearing. (*Id.*) A parole revocation hearing was held on October 17, 2013, and Mr. McCall's parole was revoked. (*Id.*) Mr. McCall appealed his revocation, which was affirmed by the Arkansas Board of Parole. (*Id.*)

Mr. McCall filed the instant Petition for Writ of Habeas Corpus (Doc. No. 2) on February 10, 2014, alleging his parole was revoked without due process for several reasons. In his first ground,

Mr. McCall claims that his parole violation report states that he committed aggravated assault, but he was never convicted of that offense.  (*Id.*)  Mr. McCall also claims that he was not offered an attorney to represent him at his parole revocation hearing, that he did not receive a preliminary hearing, but only a full hearing sixty-nine days after his arrest, and that witnesses who were not on the witness list testified at the hearing.  (*Id.*)  In his second, third, and fourth grounds, he asserts that the evidence was insufficient to support three of the parole violations he was found to have committed: failure to report, failure to provide supervising officer with proof of employment, and failure to pay fees. (*Id.)*

## II.    ANALYSIS

Respondent argues the Petition is procedurally defaulted.  (Doc. No. 14 at 3.)  The Court agrees.

A state prisoner must fairly present the substance of each claim to the appropriate state court before seeking a federal habeas review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Mr. McCall's claims are procedurally defaulted because, although he sought reconsideration of the revocation with the Parole Board, he did not raise his claims in any state judicial-review proceedings that were available to him. (Doc. No. 2.) Mr. McCall could have availed himself of the

Arkansas Administrative Procedure Act to obtain a judicial review of the disciplinary proceeding. Mr. McCall had thirty days from the Parole Board's final decision to seek judicial review.  Ark. Code Ann. § 5-15-212 (b)(1).  Mr. McCall did not seek this form of review, and therefore, no state court was afforded an opportunity to consider the matter.  Because Mr. McCall failed to seek such review, his claims are procedurally defaulted.

When it has been determined that procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  Neither of these two conditions exists here.  Mr. McCall fails to show cause and prejudice (Doc. No. 2) and, therefore, his Petition should be dismissed as procedurally barred. Further, Mr. McCall admits in his Petition that he did not raise his claims in a state judicial proceeding, indicating he simply did not know he could do so.  (Doc. No. 2 at 4.)  Therefore, his failure to exhaust his remedies in state court was not caused by official interference, and the proper method for reviewing his claims was available to him at the time of his revocation hearing.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue  a certificate of appealability:  "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional

claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted.  Therefore, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2.   A certificate of appealability should not be issued.

DATED this 21st day of July 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE